UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:16CR019 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| CORTEZ K.D. WILIIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Cortez K.D. Williams' Motion to Withdraw Plea. Doc. 17. The Court has considered the briefing, facts and circumstances of the matter, and applicable law. As such, for the following reasons, Defendant's motion is DENIED.

On March 8, 2016, the Defendant pled guilty to three counts of bank robbery. The Court conducted a plea colloquy, and at the end of the colloquy, the Defendant, under oath, entered a knowing, voluntary, and intelligent plea of guilty. Furthermore, the Defendant executed a written plea agreement, which outlined the facts of each count and described the rights the Defendant would be waiving or retaining by entering into a guilty plea.

On May 26, 2016, the Government e-mailed Defendant's lawyer, attaching an undated letter from the Defendant. Doc. 17 at 2; Doc. 18. In this letter, he stated that he reviewed the pictures from one of the bank robberies and believed that the Government could not identify the figure in the photo, and therefore, he stated: "I feel like I should

1

not have to be guilty of something I did not do." The Defendant then requested all discovery materials in the case.

The Defendant was set for sentencing on June 8, 2016. At this time, the Defendant informed the Court that he wanted to withdraw his plea – three months after pleading guilty. He later filed a motion to withdraw his plea on June 21, 2016. After reviewing the motion and the facts in the case, the Defendant cannot sustain his burden of showing a "fair and just reason" for the withdrawal.

"A plea bargain…is contractual in nature and subject to contract-law standards." *United States v. Mandell*, 905 F.2d 970, 973 (6th Cir. 1990) (quotation and citation omitted). "A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). In fact, the Sixth Circuit Court of Appeals has held that "'[w]hen a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise.'" *Id.* (*quoting United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) (quotation and citation omitted)). The "withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice." *United States v. Horne*, 987 F.2d 833, 837 (D.C. Cir. 1993).

"A defendant may withdraw a guilty plea 'after the court accepts the plea, but before it imposes sentence if…the defendant can show a fair and just reason for requesting the withdrawal.'" *Ellis*, 470 F.3d at 280 (*quoting* Fed.R.Crim.P. 11(d)(2)(B). Withdrawal of a plea is appropriate where there is real confusion or misunderstanding of the terms of the agreement. *Id.* at 281. To that end, the defendant has the burden of

proving the existence of a "fair and just reason" supporting the withdrawal of his guilty plea. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). To determine whether the Defendant has met this burden, the Court considers a number of factors, including:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
> (3) whether the defendant has asserted or maintained his innocence;
> (4) the circumstances underlying the entry of the guilty plea;
> (5) the defendant's nature and background;
> (6) the degree to which the defendant has had prior experience with the criminal justice system; and
> (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara,* 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded by guidelines amendment on other grounds*, U.S.S.G. §3B1.1. "The factors listed are a general, non-exclusive list and no one factor is controlling." *Bazzi*, 94 F.3d at 1027. In this case, none of these factors support the Defendant's motion to withdraw his guilty plea.[1]

### 1. Amount of time that elapsed between the plea and the motion to withdraw it

Approximately three months lapsed between the time that Defendant pled guilty and the time when he first alerted the Court that he wanted to withdraw his plea. If the Defendant felt he entered into a hasty plea agreement, he certainly could have alerted his counsel or the Court prior to the day of sentencing. The Sixth Circuit has sustained the denials of motions to withdraw on the basis of delays far shorter than the instant case. For example, in *United States v. Baez*, the Sixth Circuit upheld the denial of a motion to withdraw on the basis of a sixty-seven day delay. *United States v. Baez*, 87 F.3d 805, 808

---

[1] The Defendant's motion is unclear as to whether he is moving to withdraw his plea on all counts or only as to the March 27, 2015 robbery. In either case, the Defendant fails to demonstrate a fair and just reason for withdrawal.

3

(6th Cir. 1996) (noting "Defendant Baez did not even motion his change of heart regarding his plea until the day of sentencing."). In *United States v. Goldberg*, the Sixth Circuit held that a fifty-five day delay was lengthy and supported a denial of a motion to withdraw. *United States v. Goldberg*, 862 F.2d 101, 103 (6th Cir. 1988). Finally, in *United States v. Spencer*, the Sixth Circuit found that a five-week delay supported denial of a motion to withdraw. *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987).

The Defendant admitted the bank robberies to the FBI, to the Court at plea colloquy, and by signing the written plea agreement. The Defendant waited 92 days after pleading guilty to assert his claim of innocence on the day of sentencing – certainly Defendant would have been aware of any actual innocence at the time of the plea and could have filed his motion to withdraw within a few days or even a few weeks after pleading guilty. The timing factor of *Bashara* does not support allowing Defendant to withdraw his plea.

2. **Presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings**

In his motion to withdraw his plea, the Defendant asserts that he is innocent of the robberies in "all three bank robberies outlined in the Indictment." Doc. 17 at 5. However, in his letter to the Government, he points out that the Government does not have fingerprints from the March 27, 2015 robbery (in contrast to the remaining two robberies that confirm his fingerprints at the scene). As such, the Defendant states: "I feel like I should not have to be guilty of something I did not do." Doc. 18. The Defendant gives no reason in his letter or in his motion to explain why he waited three months to assert his innocence or to file a motion to withdraw. As described above, if the Defendant believed he was innocent or could not be proven guilty of one or all of the

4

robberies, he would have known this at his plea colloquy when the Court reviewed the charged offenses. He could have moved quickly thereafter to withdraw his plea.

**3. Whether the defendant has asserted or maintained his innocence**

The Defendant did not assert a claim of innocence to the Court until the day of sentencing – three months after pleading guilty. This was contrary to his previous assertions. In fact, the Defendant admitted to the FBI that he committed the robberies because he was using drugs. Doc. 19-1.

Later, the Defendant signed and initialed each page of the plea agreement, which outlines the facts of each robbery. By signing the agreement, he admitted to committing all the robberies as described.

Finally, the Defendant admitted his guilt for a third time during his plea colloquy. First, the Court reviewed the plea agreement by page and by paragraph, including the counts he was pleading to and the elements of the offense outlined in paragraph 9 of the agreement. The Defendant stated that he understood the elements of the offenses to which he was pleading guilty and that he had no questions.

Then the Assistant U.S. Attorney recited the specific facts of each offense alleged, including the March 27 robbery. The Court specifically asked the Defendant if he admitted that he committed these three bank robberies as described by the Government, and the Defendant said "yes." At the end of the colloquy, the Court asked the Defendant if he understood the rights he was waiving and the possible consequences of the plea and whether he still wanted to plead guilty to all three robberies. Again, the Defendant answered in the affirmative.

At no time prior to the sentencing date did the Defendant assert actual innocence for any of the robberies – to the contrary, he repeatedly confirmed his guilt. This *Bashara* factor does not support a withdrawal of his plea.

### 4. Circumstances underlying the entry of the guilty plea

The Defendant does not address this element of *Bashara*. However, the Court has reviewed the facts and circumstances underlying the plea and finds no irregularities. The Defendant entered a knowing, voluntary, and intelligent plea.

### 5. & 6. Defendant's nature and background; Degree to which the defendant has had prior experience with the criminal justice system

The Defendant is 24 years old and has a criminal history that would qualify him as Category III or VI for purposes of the Sentencing Guidelines. Certainly the Defendant is no stranger to the criminal justice system and has pled guilty to numerous other charges in his short adult life. The Defendant argues that the federal process is more "complex" and therefore, he should be considered inexperienced for the purposes of withdrawing his plea. This argument is uncompelling.

The Defendant's criminal history while in state court demonstrates that he has significant experience with the adversarial process, which includes: seeking advice from his legal counsel, considering his legal rights and the possible waiver of those rights in exchange for a mitigated consequence, and negotiating with the prosecutor to reach a compromised resolution that ended the litigation. This same process occurs whether in state or federal court.

Furthermore, the Defendant does not argue that he misunderstood the federal process or somehow felt rushed into making a decision. Even if he had made this

argument, the Court discussed the plea, potential consequences, waiver of rights, and invited the Defendant to ask questions at the plea colloquy. The Defendant confirmed he understood the terms and consequences of the plea agreement and still wished to plead guilty. The Defendant's nature, background, and experience with the criminal justice system do not support allowing a withdrawal of his plea.

### 7. Potential prejudice to the government if the motion to withdraw is granted

Withdrawing the plea at this late stage in the case would cause prejudice to the Government. It would be required to spend extra time and expense in preparing for trial, which includes re-gathering and preparing crime victims to testify.

Given all of this, since the Defendant argues actual innocence, he could have moved to withdraw within days or a few weeks after entering his plea. He is experienced with the adversarial nature of the criminal justice system and had access to counsel throughout the entire process. He admitted guilt for all three robberies on at least three separate occasions and did not hint at innocence when the Court reviewed his plea agreement in detail. Instead, the Defendant knowingly, voluntarily, and intelligently entered his guilty plea, and he has presented no just or fair reasons for withdrawing his plea now. Consequently, the Defendant's motion to withdraw his guilty plea is DENIED.

IT IS SO ORDERED.

Dated: July 27, 2016                                /s/ *Judge John R. Adams*
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT COURT