UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:16-cr-00019 |
| Plaintiff, | ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| CORTEZ K.D. WILLIAMS, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolving Docs. 61, 66) |
| | ) | |

This matter is before the Court on the *Motion to Reduce Sentence* (Doc. 61) and the *Unopposed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2)* (Doc. 66) (the "Motion") filed by Defendant Cortez Williams ("Williams"). The United States of America has not responded to the Motion.

For the reasons stated below, the Motion is DENIED.

**I.  BACKGROUND**

A federal grand jury charged Williams with three counts of bank robbery in violation of 18 U.S.C. § 2113(a). Doc. 7. Pursuant to a plea agreement, Williams pled guilty as all counts. Doc. 11.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 13. The PSI indicated Williams had a total offense level of 25 and a criminal history category of V, therefore his advisory guideline range was 100–125 months. Doc. 13 at p. 14, ¶ 76. The Court ultimately sentenced Williams to a term of 125 months' imprisonment. Doc. 22.

1

After Williams' sentencing, the United States Sentencing Commission issued Amendment 821. It is undisputed that Williams' criminal history points would be lower under the Amendment resulting in a reduced advisory guideline range of 84–105 months. Williams now seeks retroactive application of Amendment 821 to reduce his sentence to 108 months, or time served.

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant who has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) *quoting Dillon v. United States*, 560 U.S. 817, 826–27 (2010).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational

or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Williams asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, his advisory range is lowered to 84–105 months, as opposed to the 100–125 months used at the time of sentencing. Doc. 66 at 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Williams' total criminal history points were 10. Doc. 13 at p. 11, ¶ 57. Eight (8) of those points were the result of previous criminal convictions pursuant to U.S.S.G. §§ 4A1.1(a)–(c). Doc. 13 at pp. 7–10, ¶¶ 44–54. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Williams was on parole for a state charge of Escape. Doc. 13 at pp. 9,11, ¶¶ 51, 56. Williams now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would only receive one (1) additional criminal history point due to the offenses taking place while he was

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

3

on parole, therefore his total criminal history points would be nine (9) under the new calculation. The Court finds that Amendment 821 affects Williams' criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Williams' case. *See id.* This is first due to the nature of the offenses. *See* 18 U.S.C. § 3553(a)(1). Williams carried out three bank robberies, wherein he suggested he was armed with guns in order to threaten bank tellers, and ultimately took about $5,500. Doc. 13, p. 4, ¶¶ 6–8. The offenses were of a very serious nature – the type that can incite fear in those affected long into the future. Second, Williams' criminal history and the need to deter future criminal conduct play a role in the Court's consideration. *See* 18 U.S.C. §§ 3553(a)(1)-(2). Williams has a lengthy criminal history. At the time of sentencing, he was only 24 years old with 11 adult convictions. Williams' convictions include those for possession of cocaine, domestic violence, escape, grand theft, and various driving citations. Doc. 13, pp. 7–10, ¶¶ 44–54.

The Court recognizes and commends Williams for the personal improvements he has made while incarcerated. Doc. 66 at 3. However, Williams' lengthy history of criminal conduct in such a short period of time reflects that prison has failed to deter him from returning to crime. Given the facts and after consideration of the nature and circumstances of the offenses, Williams' history, and the need for the sentence imposed to protect the public and offer adequate deterrence, the Court finds a reduction to Williams' 125-month sentence is not warranted.

### III. CONCLUSION

For the reasons stated above, the *Motion to Reduce Sentence* (Doc. 61) and the *Unopposed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2)* (Doc. 66) are DENIED.

Date: March 15, 2024 /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE